# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMY COBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:07-cv-00662-KJD-LRL |
| v. | ) |
| | ) **O R D E R** |
| PN II, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Before the court is defendants' Motion to (1) Compel Plaintiff Amy Coburn to Respond to Defendants' Discovery Requests, and (2) Extend the Length of Plaintiff Amy Coburn's Deposition (#30). The court has considered the motion, plaintiff's Opposition (#34), defendants' Reply (#36), and Exhibit R (#37) to the Reply. Defendants move the court to compel answers to interrogatories and the production of documents from plaintiff, who opposes the motion on a variety of grounds.

## BACKGROUND

This is an employment discrimination action brought by plaintiff Amy Coburn ("Coburn") against defendants PN II Inc. (d/b/a Pulte Homes), Pulte Home Corporation, and Pulte Homes, Inc. (collectively "defendants"), alleging unlawful discrimination on the basis of gender, a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and NRS 613.330; payment of unequal wages due to gender, a violation of the Equal Pay Act, 29 U.S.C. § 206(d), and NRS 608.017; and unlawful retaliation, a violation of § 2000e-3(a) and NRS 613.340. Exh. B to Pet. (#1). Coburn seeks damages in the form of backpay and frontpay, as well as compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life. Exh. B to Pet. (#1) ¶¶ 24, 34.

In September 2007, Coburn responded to defendants' first set of Requests for Production of

documents and interrogatories. Exh. A, B to Mot. (#30). Finding the responses inadequate, defendants engaged Coburn's counsel in a series of discussions, both in person and through telephone calls and emails, to obtain full compliance with their discovery requests. Mot. (#30) at 2. Defendants have acquired some additional information as a result, but believe Coburn has continued to omit responsive documentation from her disclosures in violation of her discovery obligations. *Id.* Due to these ostensible inadequacies, defendants now seek an order compelling supplementary answers to interrogatories and production of documents from Coburn.

## ANALYSIS

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Relevance within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought will "assist in defining or clarifying the issues in the case or that will illuminate issues upon which a trial court must pass in administering or deciding a case." 6 Patrick E. Higginbotham, *Moore's Federal Practice*, § 26.41[6][a] (2007). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). The court, however, may limit discovery if it determines, among other things, that it is unreasonably cumulative or duplicative, obtainable from another source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2).

Further, "[t]he parties have a duty to provide true, explicit, responsive, and complete and candid answers to discovery, and their attorneys have a continuing duty to advise their clients of their duty to make honest, complete, non-evasive discovery disclosures." *Wagner v. Dryvitt Sys.*, 208 F.R.D. 606, 609-10 (D. Neb. 2001); *see also Litton Sys., Inc. v. Am. Tel. & Tel. Co.*, 91 F.R.D. 574, 576 (S.D.N.Y. 1981) (stating that all parties are entitled to reasonable access to "all evidence bearing on the controversy between them, including that in the control of adverse parties"). A party is thus required

to provide documents responsive to any request "unless it is clear that the information sought can have no possible bearing on the subject of the subject matter of the action." *Snowden v. Connaught*, 137 F.R.D. 325, 329 (D. Kan. 1991); *see also Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997) ("Under the Federal Rules, the scope of discovery should be allowed unless the information has no conceivable bearing on the case.").

**I. Document Request No. 18**

Request No. 18 seeks a forensic examination of Coburn's home computers. Exh. B to Mot. (#30). The inspection would focus on information relating to Coburn's employment with defendants, the termination of that employment, allegations or claims Coburn is making in this action, and damages resulting from the actions or inactions of defendants. *Id.* Coburn does not object generally to a "limited, focused" inspection. She opposes the request because defendants have not set forth a protocol or methodology that would protect Coburn against violations of privilege, privacy and confidentiality interests.

The court finds that the burden on plaintiff of such an inspection would be minimal. For discovery purposes defendants require only a mirror image or "clone copy" of the hard drive or drives in question. Moreover, defendants offer to bear the entire cost of the inspection by a computer forensics specialist. Finally, where confidential or otherwise sensitive data is requested to be produced, courts have recognized that certain procedural devices may be instituted to protect such information while allowing a party to access discoverable electronic data. The protocol adopted by the court in *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1054-55 (S.D. Cal. 1999), offers a suitable approach for protecting Coburn's communications with her attorney, and her privacy interests as well as the confidentiality interests of her new employer. Therefore, this court will order the parties to comply with the following protocol:

1. The parties shall meet, confer and agree upon the designation of a computer expert who specializes in the field of electronic discovery to create a "mirror image" of the relevant hard drives. If the parties cannot agree on an expert, they shall submit suggested experts to the court by April 18,

3

1  2008. The court will then select and appoint a computer specialist. The services of the expert will be
2  paid by defendants.

3     2. The court appointed computer specialist will serve as an officer of the court. To the extent
4  the computer specialist has direct or indirect access to information protected by the attorney-client
5  privilege, such "disclosure" will not result in a waiver of the attorney-client privilege. Defendants
6  herein, by requesting this discovery, are barred from asserting in this litigation that any such disclosure
7  to the court designated expert constitutes any waiver by Coburn of the attorney-client privilege. The
8  computer specialist will sign a protective order stipulated to by the parties. Lastly, any communications
9  between defendants and/or defendants' counsel and the computer specialist as to the payment of fees
10 and costs pursuant to this order will be produced to Coburn's counsel.

11    3. The parties shall agree on a day and time to access Coburn's computer. Defendants shall
12 defer to Coburn's personal schedule in selecting this date. Representatives of both parties shall be
13 informed of the time and date, but only Coburn and her counsel may be present during the hard drive
14 recovery.

15    4. After the computer specialist makes a copy of Coburn's hard drives, the "mirror image"
16 (which the court presumes will be on or transferred to a disk(s)) will be given to Coburn's counsel.
17 Coburn's counsel will print and review any recovered documents and produce to defendants those
18 communications that are responsive to any earlier request for documents and relevant to the subject
19 matter of this litigation. Such discovery shall include, but not be limited to, information pertaining to
20 defendants' contention that Coburn misappropriated their trade secrets. While no counterclaim for
21 misappropriation of trade secrets has been made, such information is relevant to, and is reasonably
22 calculated to lead to admissible evidence concerning, Coburn's alleged damages and emotional distress,
23 and for impeachment purposes. All documents that are withheld on a claim of privilege will be
24 recorded in a privilege log.

25    5. Coburn's counsel will be the sole custodian of and shall retain this "mirror image" disk(s)
26 and copies of all documents retrieved from the disk(s) throughout the course of this litigation. To the

4

extent that documents cannot be retrieved from Coburn's computer hard drives or the documents retrieved are less than the whole of data contained on the hard drives, Coburn's counsel shall submit a declaration to the court together with a written report signed by the designated expert explaining the limits of retrieval achieved.

6. The "mirror image" copying of the hard drives, and the production of relevant documents, shall be completed by May 30, 2008.

**II. Interrogatory No. 4 and Document Request No. 9**

Interrogatory No. 4 asks Coburn to provide details of her employment history, while Document Request No. 9 seeks her federal income tax returns for the prior five years. Exh. A, B to Mot. (#30). In her Opposition, Coburn makes only a conclusory objection that such materials are not relevant to the case at bar. Opp'n (#34) at 15. Moreover, such information may assist the court in clarifying whether Coburn's previous employers experienced the same or similar performance issues with her work that defendants claim they encountered. Coburn's salary history is also relevant to defendants' determination of her starting and subsequent salary. Hence, the court will order Coburn to provide the requested information, fully and without objection.

**III. Interrogatory No. 8**

Through Interrogatory No. 8, defendants seeks information regarding Coburn's job search following the termination of her employment with defendants. Exh. A to Mot. (#30) at 10-11. Coburn argues that she cannot be required to provide information too detailed for a reasonable person to remember. Opp'n (#34) at 20-21. While this is true, the court notes that Coburn gave no answer to subpart (f) of Interrogatory No. 8, which asks her to specify the date of all contacts, manner of all contacts, where all contacts occurred, whether any documents were exchanged (e.g., resume), the names of any individuals with whom she communicated, and the manner of such communications. Exh. A to Mot. (#30) at 10-11. Surely Coburn has some recollection of these occurrences. To the extent she does have the ability to further respond to subpart (f), and to the remainder of Interrogatory No. 8, the court will order her to do so.

**IV. Limitation of Deposition Time**

Defendants ask the court to allow additional time, consistent with Rule 26(b)(2), to conduct a fair and complete examination of Coburn. Mot. (#30) at 17-19. Coburn has consented to an increase in the durational limit of her deposition, but objects to an open-ended extension. Opp'n (#34) at 21; Reply (#36) at 9-10. Based on the parties' consent, the court will allow an additional seven (7) hours for Coburn's deposition, which shall be conducted in accordance with the limitations contemplated by Rule 30—that there be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time during which the deposition is in session.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants' Motion to (1) Compel Plaintiff Amy Coburn to Respond to Defendants' Discovery Requests, and (2) Extend the Length of Plaintiff Amy Coburn's Deposition (#30) is GRANTED to the following extent:

1. With respect to Document Request No. 18, the parties shall comply with the following protocol:

    a. The parties shall meet, confer and agree upon the designation of a computer expert who specializes in the field of electronic discovery to create a "mirror image" of the relevant hard drives. If the parties cannot agree on an expert, they shall submit suggested experts to the court by April 18, 2008. The court will then select and appoint a computer specialist. The services of the expert will be paid by defendants.

    b. The court appointed computer specialist will serve as an officer of the court. To the extent the computer specialist has direct or indirect access to information protected by the attorney-client privilege, such "disclosure" will not result in a waiver of the attorney-client privilege. Defendants herein, by requesting this discovery, are barred from asserting in this litigation that any such disclosure to the court designated expert constitutes any waiver by Coburn of any attorney-client privilege. The computer specialist will sign a protective order stipulated to by the parties. Lastly, any communications between defendants and/or defendants'

counsel and the computer specialist as to the payment of fees and costs pursuant to this order will be produced to Coburn's counsel.

 c. The parties shall agree on a day and time to access Coburn's computer. Defendants shall defer to Coburn's personal schedule in selecting this date. Representatives of both parties shall be informed of the time and date, but only Coburn and her counsel may be present during the hard drive recovery.

 d. After the computer specialist makes a copy of Coburn's hard drives, the "mirror image" (which the court presumes will be on or transferred to a disk(s)) will be given to Coburn's counsel. Coburn's counsel will print and review any recovered documents and produce to defendants those communications that are responsive to any earlier request for documents and relevant to the subject matter of this litigation. Such discovery shall include, but is not limited to, information pertaining to defendants' contention that Coburn misappropriated their trade secrets. All documents that are withheld on a claim of privilege shall be recorded in a privilege log.

 e. Coburn's counsel will be the sole custodian of and shall retain this "mirror image" disk(s) and copies of all documents retrieved from the disk(s) throughout the course of this litigation. To the extent that documents cannot be retrieved from Coburn's computer hard drives or the documents retrieved are less than the whole of data contained on the hard drives, Coburn's counsel shall submit a declaration to the court together with a written report signed by the designated expert explaining the limits of retrieval achieved.

 f. The "mirror image" copying of the hard drives, and the production of relevant documents, shall be completed by May 30, 2008.

. . .
. . .
. . .
. . .

2. Plaintiff shall, not later than April 14, 2008, provide to defendants all documents called for in Request No. 9.

3. Plaintiff shall supplement her answers to Interrogatory Nos. 4 and 8 not later April 14, 2008.

4. Defendants may depose plaintiff for an additional day of seven (7) hours.

DATED this 28th day of March, 2008.

                                                        */s/ Leavitt*

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

8